Alvis BAILEY, Individually, etc., et al.,
Appellants,

v.

GALLATIN COUNTY BOARD OF EDU-
CATION et al., Appellees.

Court of Appeals of Kentucky.

Oct. 23, 1964.

Truett R. DeMoisey, Walton, Raymond R. Vincent, Florence, for appellants.

Rodney S. Bryson, Covington, John G. Wright, Warsaw, Lindhorst & Dreidame, Cincinnati, Ohio, for appellees.

MONTGOMERY, Judge.

Alvis Bailey and his infant son, David, sued the Gallatin County Board of Education to recover damages for injuries sustained by David. A verdict was directed for the defendants; hence, this appeal.

The case turns on the question whether the proof for appellants shows any negligence on the part of the drivers of the school buses involved.

On October 21, 1960, David Bailey, then ten years of age and in the fifth grade of the Gallatin County School at Warsaw, was injured when he fell. The testimony is that another pupil grabbed David's books on the way from the school building to the bus loading area. She entered her bus, which was not the one David rode, with his books. He entered the bus to get his books and another pupil shoved him back. David caught the handrail at the door of the bus but was shoved again. He missed the rail and fell. His head struck the tire of the bus and the blacktop surface of the loading area. He then returned to his bus where some pupils laid him down on the seat. He remained there until he left the bus at his home.

Arthur Riley, driver of Bus No. 11, on which the accident occurred, and Elmer Kidwell, driver of Bus No. 42, on which David rode, were not present at the time of the accident. Each driver was then engaged in the performance of other duties which required his presence elsewhere. Riley was the school janitor and at the time was banking the school furnace. Kidwell was a teacher and was then conducting a study hall. In their absence the teachers of the various classes were in charge of the children in the loading area. The evidence indicates that no teachers were present. Neither driver was sued.

It is alleged in the complaint that David's injury resulted from "the negligence and carelessness of Bus Driver of Bus #11, the agent, servant and employee of the defendant herein, Gallatin County Board of Education while in the course and scope of his employment as agent, servant and employee of the Defendant * * *." By answer appellee denied liability and claimed governmental immunity.

Under the facts of this case, where both bus drivers were engaged in carrying out

other duties away from the buses and were not engaged in operating the buses, the court properly sustained the motion for a directed verdict. Since recovery was sought on the basis of the alleged negligence of the bus drivers, it is not necessary to consider other questions raised.

Judgment affirmed.